UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

KEITH D. CANNON,

                    Plaintiff,

      -against-

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23-CV-6295 (EK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On August 22, 2023, Plaintiff filed this case to challenge a decision by the Social Security Administration ("SSA") denying his application for Social Security Disability benefits. *See generally* Compl., ECF 1. Subsequently, the claim was remanded to the SSA for another hearing that awarded Plaintiff past due benefits. DeHaan Affirmation, ECF 14-1, ¶¶ 4, 6, 9; Stipulation & Order, ECF 9 (granting remand). Plaintiff's counsel now seeks attorney's fees. *See generally* Mot., ECF 14. The Court respectfully recommends that Plaintiff's motion for fees be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 22, 2023, Plaintiff filed a complaint asserting that the SSA administrative law judge's ("ALJ") denial of social security disability benefits, along with the Appeal Council's decision to affirm, was erroneous and unfounded, not supported by substantial evidence, and contrary to law. Compl., ECF 1, ¶¶ 13, 14. Upon filing suit against the Commissioner of Social Security, Plaintiff's attorney paid the $402.00 court filing fee. DeHaan Affirmation, ECF 14-1, ¶ 3; *see also* Retainer Agreement, ECF 14-1, at ECF p. 15 (stating that in the event of an appeal, the DeHaan Law Firm P.C. "shall disburse the U.S. District Court filing fee upon filing" the complaint, and that

Plaintiff agrees to reimburse the DeHaan Law Firm for this fee). On January 10, 2024, the parties filed a joint motion for remand, styled as a proposed stipulation and order, seeking that the case be remanded for further administrative proceedings because the Commissioner's final decision did not fully evaluate a prior administrative medical finding and three other medical opinions. *See* Mot. to Remand, ECF 8. On January 13, 2024, the Honorable Eric Komitee signed an order reversing the Commissioner's final decision and remanding the case based on the parties' stipulation, after which judgment was entered on January 16, 2024. Stipulation & Order, ECF 9; Clerk's J., ECF 10.

On March 27, 2024, the parties filed a joint motion and stipulation and proposed order in support of Plaintiff's counsel's application for $1,000.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and $402.00 in costs under 28 U.S.C. § 1920. *See* Mot. for Att'ys' Fees, ECF 11; Proposed Stipulation & Order, ECF 11-2. On May 2, 2024, Judge Komitee awarded Plaintiff fees and costs totaling $1,402.00. Stipulation & Order, ECF 13.[1] On May 31, 2024, Plaintiff's counsel learned that the total amount due to him, $1,402.00, was seized to satisfy Plaintiff's outstanding liens from the New York State Department of Taxation. DeHaan Affirmation, ECF 14-1, ¶ 8.

On remand, the SSA approved Plaintiff for disability benefits. *Id.* ¶ 9. On August 8, 2024, the SSA acknowledged Plaintiff's counsel as Plaintiff's representative for the claim. *See id.* ¶ 10; *see generally* DeHaan Affirmation, Ex. E, ECF 14-1, at ECF pp. 23–25 (providing written notice of SSA's acknowledgement). However, the SSA never

---

[1] The parties' stipulation, which Judge Komitee entered, also stated that: "The parties further agree that payment of fees will be made by the Social Security Administration directly to plaintiff's attorney if plaintiff's rights to EAJA fees have been assigned to same, and provided that plaintiff owes no debt that is subject to offset under the Treasury Offset Program." Stipulation & Order, ECF 13.

provided Plaintiff's counsel with a copy of the Fully Favorable Decision or Notice of Award. DeHaan Affirmation, ECF 14-1, ¶ 10.

On March 23, 2026, Plaintiff's counsel received a notice from the SSA, dated March 20, 2026, that 25 percent of Mr. Cannon's retroactive award, or $33,696.75, was being withheld in anticipation of direct payment of an authorized attorney's fee. *See id.*, ¶ 11; *see also* DeHaan Affirmation, Ex. F, ECF 14-1, at ECF pp. 26–28. Also on March 23, 2026, Plaintiff's counsel filed the instant motion for attorney's fees under 42 U.S.C. § 406(b)(1), seeking fees in the amount of $1,402.00. *See* Mot., ECF 14. In support of the application, counsel included an affirmation, a memorandum in support, a proposed order, a certificate of service, and a copy of Plaintiff's retainer, which states that counsel may recover a contingency fee of 25 percent of past due benefits recovered. *See generally* DeHaan Affirmation, ECF 14-1; Pl. Mem. in Supp. of Mot. for Att'y's Fees ("Mem."), ECF 14-2; Proposed Order, ECF 14-3; Certificate of Service, ECF 14-4; Retainer Agreement, ECF 14-1, at ECF pp. 14–15; *see also* DeHaan Affirmation, Ex. A, ECF 14-1, at ECF pp. 4–10 (detailing attorney hours).

On April 2, 2026, Defendant filed a response neither supporting nor opposing counsel's request for attorney's fees. Resp., ECF 15. The response also noted that both the attorney's fees and costs awarded under the EAJA "are paid from a source other than a claimant's past due benefits." *Id.* Specifically, as noted in the parties' Stipulation and Order regarding attorney's fees and costs, attorney's fees awarded under the EAJA are paid by the SSA, while costs are paid through the Secretary of the Treasury after certification from the Attorney General. *See* Stipulation & Order, ECF 13 (citing 28 U.S.C. §§ 2412(d), 1920).

For the reasons set forth herein, the Court recommends that counsel's fee application should be granted, awarding counsel $1,402.00 in fees.

## DISCUSSION

### I.  Legal Standards

The Supreme Court has clearly stated that 42 U.S.C. "'§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.'" *Culbertson v. Berryhill*, 586 U.S. 53, 55 (2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Of relevance here, § 406(b) "authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Berryhill*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A)). Subsection (b) also expressly allows "withholding of past-due benefits to pay these fees directly to the attorney." *Culbertson*, 586 U.S. at 56 (quotation marks omitted). Plaintiff's counsel now seeks fees under § 406(b) for work done related to this federal case. *See* Mem., ECF 14-2, at 1.

When "there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990); *see also Devenish v. Astrue*, 85 F. Supp. 3d 634, 636 (E.D.N.Y. 2015). In determining whether a requested fee is "unreasonable," district courts "should consider: (i) 'whether the contingency percentage is within the 25% cap'; ([ii]) 'whether there has been fraud or overreaching in making the agreement'; and (iii) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Devenish*, 85 F. Supp. 3d at 636 (quoting *Wells*, 907 F.2d at 372); *see also Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (identifying factors for consideration in an unreasonableness inquiry under

4

§ 406(b), including "the character of the representation and the result the representative achieved," whether counsel caused undue delay, and "whether there was fraud or overreaching in the making of the contingency agreement," and discussing how to evaluate a potentially problematic "windfall" for counsel); *Hanna v. Kijakazi*, No. 21-CV-5543 (EK) (SJB), 2024 WL 4252032, at *1 (E.D.N.Y. Aug. 14, 2024). In addition, although fees may be awarded under both the EAJA and § 406(b), "the claimant's attorney must refund the claimant the amount of the smaller fee." *Devenish*, 85 F. Supp. 3d at 636; *see also Gisbrecht*, 535 U.S. at 796.

## II. Analysis

### A. Timeliness

Federal Rule of Civil Procedure 54(d) requires motions for attorney's fees, including those filed under 42 U.S.C. § 406(b), to be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i); *see Sinkler*, 932 F.3d at 87–88. In *Sinkler*, the Second Circuit held that the 14-day deadline for making applications for fees under § 406(b) is subject to equitable tolling and begins to run "when the claimant receives notice of the benefits calculation." *Sinkler*, 932 F.3d at 91; *see also Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113 (KJD), 2021 WL 4990049, at *2 (D. Vt. Oct. 27, 2021) (discussing the background of the equitable tolling doctrine in this context).

As set forth above, Plaintiff's counsel has represented that the SSA did not provide him a Notice of Award. DeHaan Affirmation, ECF 14-1, ¶ 10. On March 23, 2026, however, Plaintiff's counsel received a notice from the SSA, dated March 20, 2026, advising of the amount the SSA was withholding for attorney's fees. *See* DeHaan Affirmation, Ex. F, ECF 14-1, at ECF p. 27. Here, where counsel filed the instant motion within 14 days of receipt of notice of the amount withheld, the reasoning of *Sinkler*

applies with substantial force, and the application should be deemed timely.[2] *See Farrar v. Comm'r of Soc. Sec.*, No. 22-CV-8844 (JCM), 2025 WL 2855628, at *2 (S.D.N.Y. Oct. 8, 2025) (finding motion timely when counsel received the notice of award a week after its issuance); *Lapompe v. Comm'r of Soc. Sec. Admin.*, No. 21-CV-4160 (EK) (TAM), 2025 WL 624423, at *2 n.2 (E.D.N.Y. Feb. 7, 2025) (applying *Sinkler*'s reasoning where the plaintiff moved for attorney's fees 10 days following receipt of notice of award for auxiliary beneficiaries), *report and recommendation adopted*, 2025 WL 622877 (E.D.N.Y. Feb. 26, 2025). Accordingly, the Court respectfully recommends that the fee application be found to be timely.

### B. Reasonableness

In considering the reasonableness of the requested fee, the Court starts with the language of the fee agreement and notes that it plainly provides for a 25 percent contingency fee, an amount consistent with the statutory cap. Retainer Agreement, ECF 14-1, at ECF p. 14. Here, Plaintiff's counsel requests attorney's fees in the amount of $1,402.00, which is far less than the 25 percent, or $33,696.75, withheld by the SSA. *See* DeHaan Affirmation, ECF 14-1, ¶¶ 11, 18. The Court further observes that counsel has been representing Plaintiff for close to three years and achieved a favorable result in part through effective and efficient advocacy in this federal case as detailed above, and counsel does not appear to have caused any undue delay. *See generally* DeHaan Affirmation, ECF 14-1; Retainer Agreement, ECF 14-1, at ECF pp. 14–15 (executed on Aug. 22, 2023). There is also no evidence of fraud or overreaching in the arrangement between client and counsel, who provided a summary of his firm's work on the case,

---

[2] Plaintiff filed the instant motion on March 23, 2026, the same day counsel received the notice of amount withheld. *See* DeHaan Affirmation, ECF 14-1, ¶ 11.

which indicates that counsel devoted 6.20 hours to these federal court proceedings. *See* DeHaan Affirmation, ECF 14-1, ¶ 16; *see also id.*, Ex. A, at ECF p. 7 (detailing 6.20 hours of attorney work on the federal court case between July 19, 2023, and Jan. 11, 2024). Given that all of the circumstances of the fee application here are fair and reasonable and that counsel seeks an award well below the 25 percent statutory cap, the award would not provide a problematic windfall to counsel. The Court further notes the importance of contingency arrangements in ensuring that "people in need of good lawyers" are able to hire them, and finds that counsel's fee request is extremely reasonable. *Fields*, 24 F.4th at 849.[3]

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for attorney's fees be granted and that Plaintiff's counsel be awarded **$1,402.00** in fees under § 406(b).

*    *    *    *    *

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable Eric Komitee at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the

---

[3] If evaluated on an hourly basis, the requested fee would compensate counsel at the rate of $226.13 per hour, a number that is within the range of rates that have been found reasonable by courts after the Supreme Court's decision in *Gisbrecht*. *See* DeHaan Affirmation, Ex. A, ECF 14-1, at ECF p. 7; *see also Perrozzi v. Saul*, No. 19-CV-7790 (KHP), 2021 WL 2810058, at *1 (S.D.N.Y. July 6, 2021) (finding the hourly rate of $340.59 to be reasonable, eliminating the need to reduce the rate further) (collecting cases).

specified time waives the right to appeal both before the district court and appellate courts. *See, e.g., Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

      **SO ORDERED.**

Dated: Brooklyn, New York
       June 12, 2026

*Taryn A. Merkl*

TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE